**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Slep-Tone Entertainment Corporation
14100 South Lakes Drive
Charlotte, North Carolina  28273-6792

    Plaintiff,

    v.

Karaoke Kandy Store, Inc.
5361 Pearl Road
Parma, Ohio 44129

and

Charles M. (Chuck) Polidori
5498 Winter Brook Drive
Valley City, Ohio 44258

and

XYZ Corporation
Address Unknown

and

John Doe 1
Address unknown

and

John Doe 2
Address unknown

    Defendants.

CIVIL ACTION NO.

_____

JURY TRIAL DEMANDED

For its complaint against Karaoke Kandy Store ("Kandy Store"), Chuck Polidori

("Polidori"), XYZ Corporation ("XYZ") and John Does 1 and 2 ("John Doe

Defendants")(collectively "Defendants"), Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") alleges as follows:

## PARTIES

1. Slep-Tone is a North Carolina corporation having its principal place of business at 14100 South Lakes Drive, Charlotte, North Carolina 28273-6792.

2. Upon information and belief, Kandy Store is an Ohio corporation having its principal place of business at 5361 Pearl Road, Parma, Ohio 44129.

3. Upon information and belief, Polidori is an individual residing at 5498 Winter Brook Drive, Valley City, Ohio 44258.

4. The identity of XYZ Corporation presently is unknown to Plaintiffs, but it is believed to be a corporation owned and/or controlled by Kandy Store and/or Polidori.

5. The identities of John Does 1 and 2 presently are not known to Plaintiffs, but they are believed to be co-owners, affiliates, and/or employees of Kandy Store, Polidori, or XYZ Corporation.

## JURISDICTION AND VENUE

8. This is an action for trademark infringement and unfair competition arising under §§ 32 and 43 of the Trademark Act of 1946, 15 U.S.C. §§ 1114 and 1125. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States.

9. This Court further has exclusive jurisdiction pursuant to 28 U.S.C § 1338(a), in that this civil action arises under an Act of Congress relating to trademarks, and, as to Plaintiffs' unfair competition claim, pursuant to 28 U.S.C. §

1338(b), in that the claim is joined with a substantial and related claim under the trademark laws of the United States.

10. This Court also has jurisdiction pursuant to 28 U.S.C. 1332 because Plaintiff and all Defendants are citizens of different states, Plaintiff and all Defendants have principal places of business in different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over each of Defendants because each of them is a resident of this judicial district and, as to Kandy Store and XYZ Corporation, pursuant to 28 U.S.C. § 1391(c).

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this State and judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## **FACTS**

13. Slep-Tone is a leading manufacturer and distributor of karaoke phonorecords. Slep-Tone distributes songs under license from the copyright owner(s) or licensor(s) in a special encoded format known as "CD+G" (compact disc plus graphics). Operating under the trade name "Sound Choice," Slep-Tone sells its CD+Gs to karaoke jockeys ("KJs") who use the CD+Gs to put on karaoke shows. Slep-Tone sells its products on the internet at www.soundchoice.com.

14. A typical CD+G contains music and lyrics, but not a lead vocal track. The lead vocal tracks usually are omitted so that a karaoke participant can sing along as though he or she were the lead singer. The recording is encoded with data to provide a

contemporaneous video display of the lyrics in order to aid the performer. The encoded portion is known as the graphics portion of the recording.

15. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448, registered October 3, 1995, for the trademark SOUND CHOICE as used in conjunction with "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video relating to musical compositions."

16. Slep-Tone also is the owner of U.S. Trademark Registration No. 2,000,725, registered September 17, 1996, for a display trademark as follows:
as used in conjunction with "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video relating to musical compositions."

17. The two registered Slep-Tone marks will be referred to herein as "the SOUND CHOICE marks." Slep-Tone marks its CD+Gs with the SOUND CHOICE marks. Slep-Tone also encodes the graphics portion of its CD+Gs with the SOUND CHOICE marks so that the SOUND CHOICE marks appear on a video display while a performance is occurring.

18. Slep-Tone has provided the public with notice that the SOUND CHOICE marks have been federally registered through the consistent display of the symbol ® with the SOUND CHOICE marks as used on its goods.

19. In May, 2007, Slep-Tone sold its then existing catalog of CD+G masters, including copyright rights owned by it, to Stingray Digital Media Group of Montreal, Quebec, Canada ("Stingray"). Slep-Tone received a license from Stingray to continue to sell its existing inventory of CD+Gs and to make new CD+Gs from the masters for

commercial sales. Subsequent to the Stingray sale, Slep-Tone made new CD+Gs from the masters and sold those CD+Gs commercially. In addition, subsequent to the Stingray sale, Slep-Tone made and sold new CD+Gs that are not affected by the Stingray sale/license agreement.

20. It is very expensive to manufacture new CD+Gs. Slep-Tone has spent over $18 million to create a library of authentic, re-recorded popular music songs that span different eras and genres of music. Slep-Tone's high manufacturing costs are due to a number of reasons, including the cost of production and distribution facilities, labor costs for musicians and computer programmers, and copyright licensing fees. In contrast, it is very inexpensive to duplicate an existing CD+G in CD form or to copy it to a computer hard drive or MP3 player.

21. Slep-Tone only sells its recordings in CD+G format. Slep-Tone authorizes its customers to "format shift" and transfer the contents of a genuine SOUND CHOICE CD+G recording to a single computer or MP3 player, provided that the customer keeps the original copy of the CD+G in his possession as an archival copy that is not used.

22. Upon information and belief, Defendants have no production facilities and have never recorded a song in CD+G format. Instead, Defendants have obtained copies of CD+Gs manufactured by Slep-Tone and, without authorization from Slep-Tone, have copied them to computer hard drives and MP3 players. Without authorization from Slep-Tone, Defendants have sold computers containing hard drives and MP3 players that contain copies of Slep-Tone's recordings.

23. Defendants have offered their counterfeit products for sale over the internet. One website operated by Defendants is www.cheapkaraoke.com. Another is

www.lightyearmusic.com.  Defendants also frequently post their counterfeit products for sale on EBay.

24. By virtue of their copying of Slep-Tone's CD+Gs, Defendants have been able to offer for sale counterfeit copies of Slep-Tone's recordings at prices far below the cost incurred by Slep-Tone to make the CD+Gs.  Defendants' activities have caused serious harm to Slep-Tone.

25. Defendants' activities also have caused harm to KJs who lawfully acquired a library of CD+Gs from Slep-Tone.  This is because KJs who legitimately acquired all of their music at great cost are being forced by illicit competition from KJs who acquired their music from Defendants to produce shows for lower and lower fees.  Illegitimate KJs offer libraries of tens of thousands of songs, which would have cost $50,000 to $100,000 or more to acquire legitimately, but produce shows for one-third the rates a legitimate KJ can offer.  The result is significant financial pressure on legitimate KJs to skirt or ignore the law and become pirates simply to stay in business.

## COUNT ONE -- FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

26. Slep-Tone realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein, and incorporates them herein by reference.

27. Defendants willfully and without authorization used a reproduction, counterfeit, or copy of the SOUND CHOICE marks by selling media that display the SOUND CHOICE marks or which display the SOUND CHOICE marks when performed or played, in violation of 15 U.S.C. 1114.

28. Defendants' use of the SOUND CHOICE marks was "in commerce" within the meaning of the Trademark Act of 1946 as amended.

29. Slep-Tone did not license Defendants to use the SOUND CHOICE marks in connection with those sales.

30. Defendants' use of the SOUND CHOICE marks was intentional and is likely to cause confusion, or to cause mistake, or to deceive Defendants' customers into believing that Defendants' goods are being provided by or with the authorization of Slep-Tone, in violation of 15 U.S.C. § 1114.

31. Unless enjoined by the Court, Defendants' infringing activities as described above will continue unabated and will continue to cause harm to Slep-Tone.

## COUNT TWO – FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125)

32. Slep-Tone realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein, and incorporates them herein by reference.

33. Defendants' use of the SOUND CHOICE marks on or in connection with media advertised and sold by them is likely to cause confusion, or to cause mistake, or to deceive in that purchasers and prospective purchasers are likely to be deceived into believing, falsely, that Slep-Tone manufactured or approved the manufacture of goods sold by Defendants, in violation of 15 U.S.C. § 1125(a).

34. Defendants' use of the SOUND CHOICE marks also is likely to cause confusion, or to cause mistake, or to deceive those present during subsequent karaoke shows, in that those present at such shows are likely to be deceived into believing, falsely, that the works being performed were manufactured and sold by Slep-Tone, or were manufactured under license from Slep-Tone, in violation of 15 U.S.C. § 1125(a).

35. Defendants' use of the SOUND CHOICE marks in this fashion would have inured to the benefit of Slep-Tone if Defendants had legitimately acquired genuine

SOUND CHOICE CD+Gs instead of counterfeiting them or acquiring counterfeit copies, in that Slep-Tone would have received revenue from such sales.

36. Because Slep-Tone has been denied this revenue, it has been damaged by Defendants' uses.

37. Unless enjoined by the Court, Defendants' unfair competition activities as described above will continue unabated and will continue to cause harm to Slep-Tone.

**COUNT THREE – OHIO DECEPTIVE TRADE PRACTICES (4165.02 O.R.C.)**

38. Slep-Tone realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein, and incorporates them herein by reference.

39. Defendants' willful, unauthorized use of the SOUND CHOICE marks on or in connection with media advertised and sold by them or which display the SOUND CHOICE marks when performed or played constitutes (a) passing off goods as those of another, (b) causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods, and (c) causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another in violation of Section 4165.02(A)(1), (2), and (3), Ohio Revised Code.

40. By advertising and selling without authorization media under the SOUND CHOICE marks or which display the SOUND CHOICE marks when performed or played, Defendants have represented that their goods have sponsorship, approval, or characteristics that they do not have or that Defendants have a sponsorship, approval, status, affiliation, or connection with Slep-Tone that they do not have, in violation of Section 4165.02(A)(7), Ohio Revised Code.

41. Defendants' use of the SOUND CHOICE marks in this fashion would have inured to the benefit of Slep-Tone if Defendants had legitimately acquired genuine SOUND CHOICE CD+Gs instead of counterfeiting them or acquiring counterfeit copies, in that Slep-Tone would have received revenue from such sales.

42. Because Slep-Tone has been denied this revenue, it has been damaged by Defendants' uses.

43. Unless enjoined by the Court, Defendants' unfair competition activities as described above will continue unabated and will continue to cause harm to Slep-Tone.

### **COUNT FOUR – OHIO COMMON LAW TRADEMARK INFRINGEMENT**

44. Slep-Tone realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein, and incorporates them herein by reference.

45. Defendants willfully and without authorization used a reproduction, counterfeit, or copy of the SOUND CHOICE marks by selling media that display the SOUND CHOICE marks or which display the SOUND CHOICE marks when performed or played, in violation of Ohio common law.

46. Slep-Tone did not license Defendants to use the SOUND CHOICE marks in connection with those sales.

47. Defendants' use of the SOUND CHOICE marks was intentional and is likely to cause confusion, or to cause mistake, or to deceive Defendants' customers into believing that Defendants' goods are being provided by or with the authorization of Slep-Tone, in violation of Ohio common law.

48. Unless enjoined by the Court, Defendants' infringing activities as described above will continue unabated and will continue to cause harm to Slep-Tone.

**PRAYER FOR RELIEF**

WHEREFORE, Slep-Tone prays for judgment against Defendants and that the Court:

A.  Find that Defendants have committed acts of infringement, including but not limited to counterfeiting, of the SOUND CHOICE marks, in violation of 15 U.S.C. § 1114;

B.  Find that Defendants have engaged in unfair competition against Slep-Tone in violation of 15 U.S.C. § 1125(a);

C.  Find that Defendants have engaged in deceptive trade practices in violation of Ohio law, § 4165.02(A), O.R.C.

D.  Find that Defendants have engaged in trademark infringement pursuant to Ohio common law;

E.  Enter judgment against Defendants jointly and severally and in favor of Slep-Tone;

F.  Find that Defendants' activities were in all respects conducted willfully and for profit;

G.  Award to Slep-Tone Defendants' profits and the damages sustained by Slep-Tone because of Defendants' conduct in infringing the SOUND CHOICE marks, or, in the alternative, statutory damages per trademark infringed by counterfeiting;

H.  Award to Slep-Tone Defendants' profits and the damages sustained by Slep-Tone because of the Defendants' acts of deceptive trade practices and unfair competition under federal and Ohio common law;

- 11 -

I. Award to Slep-Tone treble and/or punitive damages, as available, for Defendants' acts of willful infringement, unfair competition, and deceptive trade practices;

J. Order the seizure of all computer disks, drives, or other media in the possession, custody, or control of Defendants which contain counterfeits or reproductions of the SOUND CHOICE marks;

K. Grant Slep-Tone permanent injunctive relief against further acts of infringement and unfair competition by Defendants;

L. Award to Slep-Tone its costs of suit, attorney's fees, pre-judgment interest, and post-judgment interest; and

M.     Grant Slep-Tone such other and further relief as justice may require.

**A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE.**

                      SLEP-TONE ENTERTAINMENT CORPORATION

                      By:    <u>s/Wayne D. Porter, Jr.</u>
                             Wayne D. Porter, Jr. (#0009242)
                             Law Offices of Wayne D. Porter, Jr.
                             1370 Ontario Street, Suite 600
                             Cleveland, Ohio 44113
                             Tel:   (216) 373-5545
                             Fax:  (216) 373-9289
                             E-Mail: porter@porterpatentlaw.com

                             James A. DeRoche (#0055613)
                             Seaman Garson LLC
                             614 West Superior Avenue
                             16th Floor, Rockefeller Building
                             Cleveland, Ohio  44113
                             Tel:   (216) 696-9330
                             Fax:   (216) 696-8558
                             E-Mail: jdroche@garson.com

                             Attorneys for Plaintiffs