IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Slep-Tone Entertainment Corporation, | ) | CASE NO. 1:10CV 00990 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Karaoke Kandy Store, Inc., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

This matter is before the Court on the following dispositive motions:

(1.) Motion for Summary Judgment filed by Third Party State Farm Fire and Casualty Company ("State Farm") (ECF #38);

(2.) Motion for Partial Summary Judgment on the Issue of Unclean Hands filed by Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") (ECF #39);

(3.) Motion for Summary Judgment filed by Defendant Charles M. Polidori (ECF #40); and

(4.) Motion for Summary Judgment filed by Defendant Karaoke Kandy Store, Inc. ("Karaoke Kandy Store") (ECF #41).

Deadlines to respond to the dispositive motions have expired. State Farm's Motion for Summary Judgment is unopposed. Responses and replies to the remaining Motions for Summary

Judgment have been filed. Thus, the Motions are ripe for consideration.

For the reasons set forth below, the following dispositive motions are GRANTED: (1) State Farm's Motion for Summary Judgment (ECF #38); (2) Mr. Polidori's Motion for Summary Judgment (ECF #40); and (3) Karaoke Kandy Store's Motion for Summary Judgment (ECF #41). Slep-Tone's Partial Motion for Summary Judgment on the Issue of Unclean Hands (ECF #39) is DENIED as moot.

This matter also comes before the Court on the following procedural motions:

> (1.) Motion to Show Cause and for Sanctions filed by Defendant Karaoke Kandy Store (ECF #35, 36);
>
> (2.) Motion for Sanctions for Spoliation of Evidence filed by Plaintiff Slep-Tone (ECF #46, 50);
>
> (3.) Motion to Stay and for Leave to Depose Kurt Slep filed by Defendant Karaoke Kandy Store (ECF #55);
>
> (4.) Motion to Strike Defendant's Reply Brief or Alternatively Strike Defendant's Exhibit DX-63 (ECF #65).

Each of the procedural motions is DENIED.

## I. FACTS[1]

Plaintiff Slep-Tone is a leading manufacturer and distributor of karaoke phonorecords. Slep-Tone distributes songs under license from the copyright owner(s) or licensor(s) in a special encoded format known as "CD+G" (compact disc plus graphics) or MP3+G (MP3 plus graphics). CD+Gs and MP3+Gs both are distributed on a physical compact disk. Operating under the trade name "Sound Choice," Slep-Tone sells its CD+Gs to karaoke jockeys ("KJs") who use the

---

[1]The facts are stated in the light most favorable to Plaintiff Slep-Tone. Fed. R. Civ. P. 56.

CD+Gs to put on karaoke shows. Slep-Tone sells its products through retail distribution channels and on the internet at www.soundchoicestore.com.

Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448, registered October 3, 1995, for the trademark SOUND CHOICE as used in conjunction with "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video relating to musical compositions."

Slep-Tone also is the owner of U.S. Trademark Registration No. 2,000,725, registered September 17, 1996, for a display trademark as follows:



as used in conjunction with "pre-recorded magnetic audio cassette tape and compact discs containing musical compositions and compact discs containing video relating to musical compositions."

Slep-Tone marks its CD+Gs with the SOUND CHOICE registered marks discussed above (collectively, the "SOUND CHOICE marks"). Slep-Tone also encodes the graphics portion of its CD+Gs with the SOUND CHOICE marks so that the SOUND CHOICE marks appear on a video display while a performance is occurring.

Slep-Tone has provided the public with notice that the SOUND CHOICE marks have been federally registered through the consistent display of the symbol ® with the SOUND

CHOICE marks as used on its goods.

It is very expensive to manufacture new CD+Gs. Slep-Tone has spent over $18 million to create a library of authentic, re-recorded popular music songs that span different eras and genres of music. Slep-Tone's high manufacturing costs are due to a number of reasons, including the cost of production and distribution facilities, labor costs for musicians and computer programmers, and copyright licensing fees. In contrast, it is relatively inexpensive to duplicate an existing CD+G in CD form or to copy it to a computer hard drive or MP3 player.

Slep-Tone only sells its recordings in CD+G and MP3+G format on compact disk. With restrictions, Slep-Tone permits the owner of a genuine SOUND CHOICE CD+G recording to transfer it to a single computer or karaoke recording player, provided that the customer keeps the original copy of the CD+G in his possession as an archival copy that is not used.

## II. STANDARD OF REVIEW

Summary judgment under Rule 56 is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact, and that the movant is entitled to a judgment as a matter of law. Fed .R. Civ. P. 56(a). The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir.2001). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 32223 (1986).

With regard to the nonmoving party's obligation to set out specific facts showing a

genuine issue for trial, Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 37980 (6th Cir. 2007) (citation omitted). Rather, Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact. *Id.*

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the nonmoving party, could lead a rational trier of fact to find in favor of the nonmoving party. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87. The Court's inquiry here, therefore, asks whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.

### III. DISCUSSION
#### A. Motions for Summary Judgment

##### 1. Defendants Mr. Polidori and Karaoke Kandy Store's Motions for Summary Judgment

Slep-Tone accuses Defendants Mr. Polidori and his company, Karaoke Kandy Store, of counterfeiting Slep-Tone's SOUND CHOICE karaoke recordings by, without Slep-Tone's authorization, copying and distributing the recordings to the public on electronic media such as hard drives, CAVs machines, and super CD+Gs. Slep-Tone further contends that when the allegedly counterfeit recordings are played during the course of a karaoke show, the SOUND CHOICE marks are displayed on the screen. Slep-Tone argues that such display falsely leads the participants (and conceivably the KJ, if he or she is not aware of the source of the recording) to believe that the recordings are being used with the authorization of Slep-Tone.

Slep-Tone asserts that Defendants have been able to offer for sale counterfeit copies of

Slep-Tone's recordings at prices far below the cost incurred by Slep-Tone to make its CD+Gs. Slep-Tone accuses Karaoke Kandy Store, which is no longer a going concern, of having been one of the largest karaoke counterfeiters in the United States.

On the foregoing bases, Slep-Tone's Complaint asserts four claims against Defendants under Title 15, Chapter 22 of the United States Code (the federal Lanham (Trademark) Act), and Ohio statutory and common law. Slep-Tone's claims are the following:

(1.) Federal Trademark Infringement under 15 U.S.C. § 1114(1) (Lanham Act § 32);

(2.) Federal Unfair Competition under 15 U.S.C. § 1125(a) (Lanham Act § 43);

(3.) Deceptive Trade Practices under Ohio Revised Code § 4165.02; and

(4.) Ohio Common Law Trademark Infringement.

Defendants deny any unauthorized use of a valid trademark belonging to Slep-Tone. Defendants further deny that any unauthorized use, if it occurred, created a likelihood of confusion with Slep-Tone's SOUND CHOICE marks. Defendants also assert affirmative defenses, including laches and unclean hands.

To establish Slep-Tone's claims under 15 U.S.C. §§ 1114(1) and 1125(a), and under Ohio law, Slep-Tone must show that it has valid marks entitled to protection, and that Defendants committed unauthorized actions which are likely to result in confusion with Slep-Tone's marks. 15 U.S.C. §§ 1114(1), 1125(a); *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 288 (6th Cir. 1997) (Ohio common law claims of trademark infringement and Ohio Deceptive Trade Practices Act claims mirror claims of trademark infringement under the Lanham Act). Slep-Tone must therefore allege specific facts to

demonstrate unauthorized use of its marks by *Defendants* in particular. *Id.*

While the Court sympathizes with Slep-Tone's claim that counterfeiting is a rampant problem that has devastated the karaoke industry, Slep-Tone has failed to direct the Court's attention to any evidence in the record tending to show either unauthorized use of the SOUND CHOICE marks, or that any of the allegedly infringing material originated with Defendants. In its response to Karaoke Kandy Store's Motion for Summary Judgment, Slep-Tone relies exclusively for evidence of unauthorized use by Defendants on the affidavits of former Karaoke Kandy Store employees Jeff DeLeva and Robert Shumaker, and the report of proposed expert David Sems. Slep-Tone claims that the "testimony of Robert Shumaker and Jeff DeLeva, coupled with the expert report of David Sems, clearly establishes that Slep-Tone's karaoke recordings, which display the SOUND CHOICE trademarks when played, were copied and sold by Kandy Store without the authorization of Slep-Tone." Neither the affidavits of Messrs. Shumaker and DeLeva, nor the Sems report (apparently a work in progress), establish any such facts. Instead, they provide vague and conclusory statements without foundation. Such statements are not specific facts as are required to overcome summary judgment.

The only "evidence" concerning the use of the SOUND CHOICE marks – whether such use was authorized or unauthorized – contained in the portions of the record that Slep-Tone relies upon are found in paragraph 10 of the DeLeva affidavit. The affidavit states:

> Due to things learned since my time at the [Karaoke Kandy] store, it is now my understanding that none of the ripping and copying work was authorized by the manufacturers of the recordings that were ripped or copied.

Mr. DeLeva's affidavit fails to provide any description of what the "things learned" are,

let alone any foundation for Mr. DeLeva's purported knowledge. The phrase "things learned" is far too vague to constitute a specific fact evidencing unauthorized use of the SOUND CHOICE marks. Moreover, there is no way for the Court to determine whether the basis for Mr. DeLeva's so-called knowledge obtained subsequent to his employment with Karaoke Kandy Store is anything more than inadmissible hearsay. A party opposing summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of fact. *Sperle v. Michigan Dept. of Correctuions*, 297 F.3d 483, 495 (6th Cir. 2002) (finding affidavit insufficient to create genuine issue of fact where it was not based on personal knowledge); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992) (affidavit was improper where it was not made on personal knowledge and did not set forth facts that would be admissible in evidence).

Mr. Sems' declaration shows, at best, that the songs present on electronic devices produced in discovery by Slep-Tone display the Slep-Tone marks on the screen when played. Mr. Sems admitted in his deposition that he could not determine whether the Slep-Tone songs on the devices were authorized or unauthorized:

> Q: Your examination just determined whether the Sound Choice files were present or absent, correct?
>
> A: Correct.
>
> Q: Your report only indicated the presence or absence; it didn't analyze whether they were authorized or unauthorized?
>
> A: Correct.

Additionally, Slep-Tone has failed to produce any evidence to demonstrate that the electronic devices allegedly containing counterfeit material that Mr. Sems examined were purchased from Karaoke Kandy Store. Even if there were specific facts tending to show

-8-

unauthorized use of the SOUND CHOICE marks (which on this record are lacking), there is no evidence of any unauthorized use that originated with Defendants.

No reasonable jury could find for Slep-Tone on its federal and Ohio law claims absent evidence of unauthorized use of the SOUND CHOICE marks by Defendants. Because the Court has found no evidence of any unauthorized use of the SOUND CHOICE marks that originated with Defendants, the Court need not analyze the affirmative defenses of laches and unclean hands. Accordingly, the Motions for Summary Judgment of Mr. Polidori and Karaoke Kandy Store GRANTED in their entirety. (ECF #40, 41.)

### 2. Plaintiff Slep-Tone's Motion for Partial Summary Judgment on the Affirmative Defense of Unclean Hands

As discussed above, Defendants are entitled to summary judgment because the record contains no evidence of unauthorized use of the SOUND CHOICE marks by Defendants. Having so held, the Court declines to analyze Defendants' affirmative defenses. Slep-Tone's Motion for Partial Summary Judgment on Defendants' affirmative defense of unclean hands is thus DENIED as moot. (ECF #39.)

### 3. Third Party State Farm's Motion for Summary Judgment

Third Party State Farm has filed a Motion for Summary Judgment arguing that the insurance policies State Farm issued to Mr. Polidori do not cover Slep-Tone's claims. No opposition to State Farm's Motion has been filed.

Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support opposition to summary judgment in favor of State Farm, if any such opposition exists. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 37980 (6th Cir. 2007)

(citation omitted). Rather, Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact. *Id.* Thus, absent a written opposition to State Farm's Motion, summary judgment is GRANTED in favor of State Farm. (ECF #38.)

### B. Procedural Motions

#### 1. Defendant Karaoke Kandy Store's Motion to Show Cause and for Sanctions

The Court has reviewed the parties' submissions concerning Karaoke Kandy Store's Motion to Show Cause and for Sanctions. Based upon its review, the Court DENIES the Motion. (ECF #35, 36.)

#### 2. Plaintiff Slep-Tone's Motion for Sanctions for Spoliation of Evidence

Plaintiff Slep-Tone has filed a motion requesting sanctions against Defendants for the alleged spoliation of evidence pertaining to Slep-Tone's claims. For reasons unexplained, the Motion was filed long after the fact discovery deadline, and even subsequent to the dispositive motion deadline. Given Slep-Tone's assertion that it has been concerned about spoliation of evidence since the beginning of this case, there is no apparent reason why the matters discussed in the Motion could not have been brought to the Court's attention prior to the fact discovery deadline, so that they could have been timely considered by the Court in keeping with the Court's scheduling order. For this reason, and because the Motion fails to state adequate bases to determine that any spoliation of evidence has occurred, the Motion is DENIED. (ECF #46, 50.)

#### 3. Defendant Karaoke Kandy Store's Motion to Stay and for Leave to Depose Kurt Slep

Karaoke Kandy Store filed a Motion to Stay and for Leave to Depose Kurt Slep. The Court has granted Defendants' Motions for Summary Judgment. Accordingly, the Motion is DENIED as moot. (ECF #55.)

### 4. Plaintiff Slep-Tone's Motion to Strike Defendant's Reply Brief or Alternatively Strike Defendant's Exhibit DX-63

The Court has reviewed the parties' submissions regarding Slep-Tone's Motion to either strike in its entirety Karaoke Kandy Store's reply brief in support of summary judgment, or, in the alterative, to strike Exhibit DX-63. Based upon this review, Slep-Tone's Motion is DENIED. (ECF #65.)

### III. CONCLUSION

For all of the reasons stated above:

    (1.)    State Farm's Motion for Summary Judgment is GRANTED (ECF #38);

    (2.)    Slep-Tone's Motion for Partial Summary Judgment on the Issue of Unclean Hands is DENIED (ECF #39);

    (3.)    Mr. Polidori's Motion for Summary Judgment is GRANTED (ECF #40); and

    (4.)    Defendant Karaoke Kandy Store's Motion for Summary Judgment is GRANTED (ECF #41).

Also, for the reasons stated herein, the parties' various procedural motions are DENIED. (ECF #35, 36, 46, 50, 55, 65.)

**IT IS SO ORDERED.**

*/s/ Donald C. Nugent*
DONALD C. NUGENT
**United States District Judge**

DATED: October 25, 2011