**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | | |
|---|---|---|
| Slep-Tone Entertainment Corp. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-00990 |
| | ) | |
| v. | ) | Judge Donald C. Nugent |
| | ) | |
| Karaoke Kandy Store, Inc., et al. | ) | **DEFENDANTS'** |
| | ) | **PROPOSED JURY INSTRUCTIONS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS KARAOKE KANDY STORE, INC.'S AND CHARLES M. POLIDORI'S
PROPOSED JURY INSTRUCTIONS**

## 1.  FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow prejudice/fear/public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## 2. NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

### 3.  ALL LITIGANTS EQUAL BEFORE THE LAW

In this case some of the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**4. EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

### 5.  WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence, as you remember it, differs from what the lawyers said, your memory is what counts.

## 6. CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED IT

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

### 7.  WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

### 8.  DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw that it was raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight that should be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

### 9.  TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

the ability and opportunity the witness had to see, hear, or know the things                that the witness testified about;

the witness's memory;

any interest, bias, or prejudice the witness may have;

the witness's intelligence;

the manner of the witness while testifying; and

the reasonableness of the witness's testimony in light of all the evidence in                the case.

**10.  PRIOR INCONSISTENT STATEMENTS [OR ACTS]**

You may consider statements given by *[Party] [Witness under oath]* before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement(s), or conduct, only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statement(s), or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## 11.  NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**12.  ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## 13.  EXPERT WITNESSES

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

### 14.  MULTIPLE CLAIMS; MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there is more than one defendant, it does not follow that if one is liable, the other is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants [or only as to other claims].

**15.  BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case,
you must be persuaded that it is probably more true as opposed to not true.

**16. Federal Trademark Infringement -- Nature of Claim**

Slep-Tone claims that Defendants have infringed Slep-Tone's federally registered trademarks.

A trademark is a word, symbol, or combination of words or symbols used by a person to identify his product, to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark owners to show ownership of their products and control their products' reputation.

Slep-Tone claims that Defendants infringed Slep-Tone's registered trademark no. 1,923,448 as used in conjunction with "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video relating to musical compositions."   Slep-Tone also claims that Defendants infringed Slep-Tone's registered trademark no. 2,000,725 for as used in conjunction with "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video relating to musical compositions."  The two Slep-Tone marks will be referred to as "the SOUND CHOICE marks" or "the SOUND CHOICE trademarks."

Slep-Tone contends that Defendants infringed the SOUND CHOICE marks by copying Slep-Tone's karaoke recordings that displayed the SOUND CHOICE marks when played and selling the recordings to customers without simultaneously providing the customers with a lawfully acquired copy of the recordings.

**17. Federal Trademark infringement - Elements**

Slep-Tone claims that Defendants infringed the SOUND CHOICE trademarks. To succeed on this claim, Slep-Tone must prove the following things by a preponderance of the evidence:

      1.     Slep-Tone owns the registrations for the SOUND CHOICE trademarks.

      2.     Defendants used the SOUND CHOICE trademarks in interstate commerce.

The SOUND CHOICE trademarks are used in interstate commerce if Defendants' products, services, or commercial activities are transferred, advertised, or sold across state lines.

The SOUND CHOICE trademarks are used in interstate commerce if Slep-Tone's products, services, or commercial activities are transferred, advertised, or sold across state lines and Defendants' activities have a substantial effect on Slep-Tone's business.

      3.     Defendants used the SOUND CHOICE trademarks in a manner that is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendants' product(s).

If you find that Slep-Tone has proven these elements by a preponderance of the evidence, then you must find for Slep-Tone. However, if Slep-Tone did not prove each of these things by a preponderance of the evidence, then you must find for Defendants.

### 18.  Federal Trademark Infringement - Elements - Likelihood of Confusion - Factors

As I have told you, one of the things that Slep-Tone must prove is that Defendants used the SOUND CHOICE trademarks in a manner that is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendants' product(s).

Slep-Tone must prove a likelihood of confusion among a significant number of people who buy, use, or consider buying or using, the product(s) or similar products.

In deciding this, you should consider the following:

Whether the overall impression created by reproduced recordings sold by Defendants is similar to that created by recordings produced by Slep-Tone;

Whether the SOUND CHOICE trademarks appear on the same or related products;

Whether Slep-Tone's and Defendants' products are likely to be sold in the same or similar stores or outlets, or advertised in similar media;

The degree of care that purchasers or potential purchasers are likely to exercise in buying or considering whether to buy the product. This may depend on the level of sophistication of potential buyers of the product and/or the cost of the product;

The degree to which purchasers or potential purchasers recognize Slep-Tone's trademark as an indication of the origin of Slep-Tone's product. You may consider my previous instructions concerning distinctiveness to help you assess this factor;

Whether Defendants' use of the SOUND CHOICE trademarks has led to instances of actual confusion among purchasers or potential purchasers about the source, origin, sponsorship, or approval of Defendants' product(s). However, <u>actual</u> confusion is not required for finding a <u>likelihood</u> of confusion;

Whether Defendants intended to pass off their product(s) as that of Slep-Tone, or intended to confuse or deceive consumers.

The weight to be given to each of these factors is for you to determine.

<u>No particular factor or number of factors is required to prove likelihood of confusion.</u>

**19. FEDERAL UNFAIR COMPETITION.**

Slep - Tone claims that the defendants have infringed its SOUND CHOICE marks. To succeed on this claim, Slep - Tone must prove, by a preponderance of the evidence, that:

(1) Slep - Tone is the owner of a valid mark through priority of use in commerce

(2) that the defendants' subsequent use in commerce, on or in connection with goods or services, of a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin,

(3) which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of the defendants with Slep - Tone, or as to the origin, sponsorship, or approval of the defendants' goods, services, or commercial activities by another person.

The term "origin," as used here, is not restricted to its geographical meaning, but rather, includes a representation regarding the origination of the product or service, such as from a particular manufacturer or seller.

Slep - Tone must demonstrate that, when viewed in its entirety, the defendants' use of his mark is likely to cause confusion in the minds of reasonably prudent purchasers or other relevant members of the public as to the source, origin, sponsorship or approval of the product or service in question, or as to affiliation, connection, or sponsorship.

## 20.  FEDERAL UNFAIR COMPETITION – KARAOKE SHOW ATTENDEES

If you find by a preponderance of the evidence that Defendants (1) used the SOUND CHOICE marks on or in connection with goods advertised and sold by them and (2) that Defendants' use of the SOUND CHOICE marks is likely to cause confusion, or to cause mistake, or to deceive those present during subsequent karaoke shows into believing that the works being performed were manufactured and sold by Slep-Tone, or were manufactured under license from Slep-Tone, then you shall find that Defendants have engaged in unfair competition under federal law.

## 21.  FEDERAL UNFAIR COMPETITION DAMAGES, ACTUAL OR STATUTORY NOTICE

In order for plaintiff to recover damages for federal unfair competition, Slep-Tone has the burden of proving by a preponderance of the evidence that Defendant had either statutory or actual notice that either or both of the SOUND CHOICE trademarks were registered.

Defendants had statutory notice if:

1.     Plaintiff displayed with the trademark/mark the words "Registered in U.S. Patent and Trademark Office"/or

2.     Plaintiff displayed with the trademark/mark the words "Reg. U.S. Pat. & Tm. Off."; or

3.     Plaintiff displayed the trademark/mark with the letter R enclosed within a circle, thus registered trademark.

Defendants had actual notice if they were informed by Slep-Tone that the SOUND CHOICE marks were registered or if Defendants discovered such fact by other means.

## 22. DECEPTIVE TRADE PRACTICES UNDER OHIO LAW.

Slep - Tone claims that the defendants have engaged in deceptive trade practices under Ohio law.  To succeed on this claim, Slep - Tone must prove by a preponderance of the evidence that the defendants have engaged in deceptive trade practices by:

(1) passing off goods or services as those of another;

(2) causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with another; or

(4) representing that goods or services have sponsorship, approval, or characteristics that they do not have or that the defendants have a sponsorship, approval, status, affiliation, or connection that the defendants do not have.

## 23. OHIO COMMON LAW TRADEMARK INFRINGEMENT.

Slep - Tone claims that the defendants have infringed its SOUND CHOICE marks under Ohio common law.  To succeed on its claim for common law trademark infringement, Slep - Tone must meet the same standard as applies to Slep - Tone's Federal Unfair Competition Claim.

Slep - Tone claims that the defendants have infringed its SOUND CHOICE marks.  To succeed on this claim, Slep - Tone must prove, by a preponderance of the evidence, that:

(1) Slep - Tone is the owner of a valid mark through priority of use in Ohio commerce

(2) that the defendants' subsequent use in Ohio commerce, on or in connection with goods or services, of a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin,

(3) which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of the defendants with Slep - Tone, or as to the origin, sponsorship, or approval of the defendants' goods, services, or commercial activities by another person.

The term "origin," as used here, is not restricted to its geographical meaning, but rather, includes a representation regarding the origination of the product or service, such as from a particular manufacturer or seller.

Slep - Tone must demonstrate that, when viewed in its entirety, the defendants' use of his mark is likely to cause confusion in the minds of reasonably prudent purchasers or other relevant members of the public as to the source, origin, sponsorship or approval of the product or service in question, or as to affiliation, connection, or sponsorship.

-24-

**24. MERE CONFUSION**

Likelihood of confusion is synonymous with "probable" confusion -- it is not sufficient if confusion is merely possible.

**25. LIKELIHOOD OF CONFUSION – FACTORS FOR CONSIDERATION.**

You must consider whether the defendants' use of Slep - Tone's SOUND CHOICE marks has created a likelihood of confusion.  As you consider the issue of whether there is a likelihood of confusion, the following eight factors should be considered: (1) strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing of channels used; (6) degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion in selecting the mark.  Any other factors that bear on the likelihood of confusion may be considered.

**26. ACTUAL CONFUSION.**

Evidence of actual confusion is undoubtedly the best evidence of likelihood of confusion.  However, the lack of evidence of actual confusion is not significant evidence of no likelihood of confusion except when the particular circumstances indicate such evidence should have been available.  A lack of actual confusion may be meaningful where the complained-of use occurred over a long period of time.

**27. GENUINE GOODS.**

The unauthorized sale of genuine goods does not constitute trademark infringement because it does not cause consumer confusion.  Trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold.

**28. IMPEACHMENT OF WITNESS - CONVICTIONS.**

You have heard evidence that a witness has been convicted of a crime.  You may consider this evidence only in deciding whether that witness's testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

29**. SPOLIATION OF EVIDENCE.**

The defendants contend that Slep - Tone at one time possessed merchandise purchased from Karaoke Kandy Store, Inc.  However, Slep - Tone contends that the evidence never existed, was not in its possession, or that its loss was accidental.

You may assume that such evidence would have been unfavorable to Slep - Tone only if you find be a preponderance of the evidence that:

(1) Slep - Tone intentionally failed to produce or caused the evidence to be destroyed; and

(2) Slep - Tone failed to produce or caused the evidence to be destroyed in bad faith.

### 30. DEFENSES – GENERALLY.


The defendants contend that they are not liable to Slep - Tone for infringement because Slep - Tone has come before this Court with unclean hands, because Slep - Tone's claims are barred by the doctrine of laches, and because Slep - Tone has not fulfilled its duty to exercise control over licensees of its trademarks.  The defendants have the burden of proving by a preponderance of the evidence those defenses.

**31. UNCLEAN HANDS.**

The concept of unclean hands may be employed by a court to deny injunctive relief where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party.

**32. LACHES.**

The defendants have argued that the plaintiff's claims against them are barred by the doctrine of laches.  Specifically, the defendants argue that the Plaintiff's delay in investigating its claim against the defendant bars the Plaintiff from asserting its claims against the Defendants under the doctrine of laches. The elements of the defense of laches are: (1) a plaintiff's unreasonable delay or lapse of time in bringing a claim against the defendant; and (2) that the plaintiff's unreasonable delay caused prejudice to the defendant.  If you conclude that the defendants have demonstrated both of these elements by a preponderance of the evidence, you must find that the plaintiff's claims against the defendants are barred by the doctrine of laches.

**33. STATUTE OF LIMITATIONS.**


To determine whether a plaintiff's delay in bringing a trademark claim gives rise to the application of laches, courts in this circuit look to the state-law statute of limitations for injury to personal property.  The general rule is that where Congress has not provided a statute of limitations, the trial court should borrow the statute of limitations from the forum state that provides the closest analogy to the federal cause of action.


Here, the forum state is Ohio and the relevant statute of limitation is two years.  The period of delay begins to run when plaintiff had actual or constructive knowledge of the alleged infringing activity.

### 34. NOMINATIVE FAIR USE.

In defense against Slep - Tone's claim for trademark infringement, the defendants claim that their use of the marks was a nominative fair use.  Slep - Tone cannot prevent the defendants from making a nominative fair use of the marks.  The defendants' use is a nominative fair use if the defendants prove the following:

(1) The defendants used the trademark in connection with goods or services that are not readily identifiable without use of the mark;

(2) The defendants used only so much of the mark as is reasonably necessary to identify the goods or services in question; and

(3) The defendants took no actions that would suggest sponsorship or endorsement by Slep - Tone.

The unauthorized sale of a genuine trademarked product does not in itself constitute trademark infringement since there is no possibility of deception or confusion.  As long as the goods are manufactured under the direction of Slep - Tone, bear the trademark registered and issued by Slep - Tone, and are not of an inferior quality, the products are considered genuine. It is not necessary to a finding of genuineness that the goods be distributed with Slep - Tone's express authorization.

If you determine that the defendants made unauthorized sales of genuine Slep - Tone goods, then the defendants are entitled to make a reasonably necessary use of Slep - Tone's mark.  A reasonably necessary use of a mark occurs when no more of the mark's appearance is used than is necessary to identify the goods or services and make the reference to identify the goods or services and make the reference intelligible to the consumer.  A use of the mark does not suggest sponsorship or endorsement by the mark's owners when the defendant does not attempt to deceive, mislead, or capitalize on consumer confusion, or appropriate the cachet of one product or service for another.

The defendants have the burden of proving a fair use by clear and convincing evidence.

**35. DUTY OF TRADEMARK LICENSOR TO EXERCISE CONTROL OVER LICENSEES.**

Slep - Tone licensed its trademarks to third party licensees.  As a licensor, Slep - Tone was required to exercise control over its licensees to make sure that the licensees maintain the quality of the product on which the trademark is used.

.

## SPECIAL VERDICT FORMS

Question #.1

Did the defendants prove by a preponderance of the evidence that Slep - Tone unreasonably delayed bringing its claim against the defendants?

YES _____ NO _____

Did the defendants prove by a preponderance of the evidence that Slep - Tone's unreasonable delay caused prejudice to the defendants?

YES _____ NO _____

Question #.2

Did Slep - Tone license its trademarks to any third parties?

YES _____ NO _____

Did Slep - Tone control the quality of goods on which the trademark was sold?

YES _____ NO _____

-37-

Respectfully submitted,

Date:  August 14, 2013              / John J. Okuley /

                                   John J. Okuley (0076748)

                                   Mueller Smith & Okuley, LLC

                                   Mueller-Smith Building

                                   7700 Rivers Edge Drive

                                   Columbus, Ohio 43235-1355

                                   Tel. 614.436.0600

                                   Fax. 614.436.0057

                                   Email.  *jokuley@okuleysmith.com*

                                   Brice O. Recker (0046550)

                                   Mueller Smith & Okuley, LLC

                                   Email.  *brecker@okuleysmith.com*

                                   *Attorneys for defendants Karaoke Kandy Store,*
                                   *Inc. and Charles M. Polidori*