IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| SLEP-TONE ENTERTAINMENT CORP., | ) | CASE NO.  1:10 CV 990 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| KARAOKE KANDY STORE, INC., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| . | ) | |


This matter is before the Court on Defendants' Motion to Extend Time for Rule 54

Motion, (ECF #114); Defendants' Motion for Sanctions or Award of Attorneys' Fees, (ECF

#113); and, Defendants' Motion for Order and Hearing on Sanctions.  Plaintiff filed an

Opposition to Defendants' Motion to Extend Time, (ECF #115), and Response in Opposition to

Defendants' Motion for Order, (ECF #124).  The issues have now been fully briefed, and are

ready for disposition.

## **Procedural and Factual History**

Plaintiff brought suit against the Defendants in this case alleging unauthorized display of registered trademarks.  Slep-Tone owns the "Sound Choice" trademark and an accompanying display mark.  These marks are encoded onto karaoke discs sold under the name "Sound Choice."  Slep-Tone alleged that Karaoke Kandy Store ("KKS") and its owner copied the "Sound Choice" discs without permission onto hard drives and MP3 players, and that those drives and players were then sold by KKS to its customers.  Slep-Tone further alleged that when KKS customers played used these devises, the "Sound Choice" marks appeared on the screen, thereby improperly appearing to align KKS with the Sound Choice brand. Discovery was contentious.  During the course of discovery, the Court granted, in part, one of Defendants' motions to compel.  The Court also ordered Plaintiff to pay the costs, including attorneys fees, associated with Defendants' filing of that motion to compel.  (ECF #33).  Eventually, this Court granted summary judgment to KKS and its owner, finding that Slep-Tone had not produced or pointed to the existence of sufficient evidence to support its claims.  (ECF #77).  Slep-Tone appealed this judgement to the Sixth Circuit Court of Appeals, which in turn reversed this Court's judgment and remanded the case for trial.  (ECF # 80, 88).  After four days of trial, a jury found in favor of the Defendants, KKS and its owner, Charles Polidori, and against Plaintiff, Slep-Tone.  (ECF #110).  All costs were assessed to Plaintiffs

Defendants now seek attorneys' fees for the entire action pursuant to 15 U.S.C. § 1117(a)(3), and/or partial fees as a sanction under Rules 11 and 37 of the Federal Rules of Civil Procedure.

## ANALYSIS

I.  15 U.S.C. § 1117(a)(3)

Plaintiff has argued that Defendants request for attorney fees under 15 U.S.C. § 1117(a)(3) was not timely filed.  The request was filed September 13, 2013.  Under Fed. R. Civ. Pro. 54(d)(2)(B) such a motion must be filed within fourteen days after the entry of judgment.  In this case that required a filing prior to September 6, 2013.  Defendants offered no reason or excuse for the delay in its motion seeking an extension of time.  Defendants effectively conceded that their motion was untimely and should be procedurally barred.  (ECF #123, at 3).[1]

Even if the request had been timely filed, this case does not meet the criteria for an award of attorney fees under 15 U.S.C. § 1117(a)(3).  A court may award attorneys' fees to the prevailing party in a trademark infringement case in "exceptional cases."  15 U.S.C. § 1117(a)(3).  "Exceptional" is not defined in the statute.  The Senate Report, however, declared that the ability to assess fees would "provide protection against unfounded suits brought by trademark owners for harassment and the like."  Senate Rep. No. 93-1400, 93rd Cong. 2d Sess. 2 (Dec. 17, 1974).  The Sixth Circuit has adopted a test for "exceptional" cases subject to an award of attorneys' fees that requires "an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation."  *Eagles, Ltc. v. American Eagle Foundation*, 356 F.3d 724, 729 (6th Cir. 2004).

In this case, the Defendants did not respond to the Complaint until after a default had already been entered by the clerk of courts.  Defendants also did not file a motion to dismiss the

---

[1]

  Defendants state: "Plaintiff's procedural arguments may be valid as they pertain to the request of award of attorneys' fees."  (ECF #123, at 3).

claims based on the allegations in the Complaint.  Although this Court granted summary judgment to the Defendants following discovery, the Sixth Circuit reversed that judgment finding that Plaintiff had presented sufficient evidence to allow a jury to find in its favor on the necessary elements of Plaintiff's claims.  Clearly the Court of Appeals has determined, following an objective inquiry, that the suit was not "unfounded" when it was brought, or upon the completion of discovery.  It determined that trial was warranted.  Further, under a subjective review of Plaintiff's conduct during litigation, although there were some issues with Plaintiff's conduct during discovery, the Court already addressed those failings and awarded Defendants the cost of preparing and filing their partly meritorious motion to compel.   Based on these and all the facts and circumstances in this litigation, this case does not qualify as "exceptional" as contemplated under 15 U.S.C. § 1117(a)(3).  Therefore, attorneys' fees would not be warranted even if the request had been timely filed.

In addition Plaintiff's alleged failure to produce favorable evidence at trial, which Plaintiff had previously indicated it had and would use, did not harm the Defendants, and in fact could only have helped them at trial.  The Court of Appeals had already determined the case was strong enough to proceed to trial with the previously disclosed discovery, so the failure to produce such evidence was not an indication that the case was utterly without merit from its inception.   Further, the discovery issues that arose during these proceedings were not significant or grievous enough to render this case "exceptional" under 15 U.S.C. § 1117(a)(3).

II.  <u>Sanctions</u>

Defendants alternatively seek sanctions under Federal Rule of Civil Procedure 11(c)(2) and/or under Rule 37.   With regard to Fed. R. Civ. Pro. 11(c)(2), Defendants have failed to prove that they adhered to the conditions precedent for filing a Rule 11(c)(2) motion.  The letter transmitted by Defendants does not appear to include the necessary language notifying Plaintiff of Defendants' intent to file for Rule 11 sanctions, nor does it appear to have been timely sent.

Regardless of the procedural failings, this Court does not find that Rule 11 sanctions would be appropriate under the circumstances.  The Sixth Circuit Court of Appeals found that Plaintiff had presented sufficient evidence after discovery that would allow a jury to find in its favor.  The fact that the jury did not find in Plaintiff's favor does not create grounds for sanctions under Rule 11, nor does Plaintiff's alleged failure to present evidence favorable to its case at trial.

With regard to the sanction request under Fed. R. Civ. Pro. 37, the Court also finds insufficient grounds for any additional sanctions in this case.  The Court has already awarded sanctions for the inappropriate actions Plaintiff was found to have engaged in during discovery. (ECF #33).  There is insufficient evidence of additional misdeeds that could be properly addressed by a granting of additional sanctions at this stage of the proceedings.

III.  Conclusion

For all of the reasons set forth above, Defendants' Motion for Attorney Fees and Sanctions (ECF #113), Defendants' Motion for extension of time to file its Motion for Attorney Fees and Sanctions (ECF #114), and Defendants' Motion for Order and Hearing on Sanctions are all DENIED.  IT IS SO ORDERED.


  /s/ Donald C. Nugent_____
                    DONALD C. NUGENT
United States District Judge

DATED:  _January 9, 2014___