RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0060p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

SLEP-TONE ENTERTAINMENT CORPORATION,
      *Plaintiff-Appellant,*

*v.*

KARAOKE KANDY STORE, INC.; CHARLES M. POLIDORI,
      *Defendants-Appellees.*

No. 13-4105

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland
No. 1:10-cv-00990—Donald C. Nugent, District Judge.

Argued: January 23, 2015

Decided and Filed: April 6, 2015

Before: MERRITT, MOORE, and DONALD, Circuit Judges.

---

**COUNSEL**

**ARGUED:** James M. Harrington, HARRINGTON LAW, P.C., Pineville, North Carolina, for Appellant. John J. Okuley, OKULEY SMITH LLC, Columbus, Ohio, for Appellees. **ON BRIEF:** James M. Harrington, HARRINGTON LAW, P.C., Pineville, North Carolina, for Appellant. John J. Okuley, OKULEY SMITH LLC, Columbus, Ohio, for Appellees.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. Plaintiff Slep-Tone Entertainment Corp. brought this action for trademark infringement, unfair competition, and deceptive practices against Defendants Karaoke Kandy Store, Inc., and Charles M. Polidori alleging that the Defendants unlawfully sold computer hard drives containing karaoke tracks bearing Slep-Tone's

1

trademarks without authorization. The parties tried the case to a jury, which answered a single interrogatory and found that Defendants had not infringed Slep-Tone's trademarks. Based on the jury's answer to the interrogatory, the district court entered judgment for Defendants. Slep-Tone then filed a timely request for findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, but before the district court could resolve the motion, Slep-Tone filed a notice of appeal of the district court's judgment. Slep-Tone's motion remains pending before the district court. Because we do not have jurisdiction over this appeal while the post-judgment motion remains pending, we **STAY** the appeal and **REMAND** the case to the district court to resolve Slep-Tone's pending motion in accordance with this opinion.

## I. BACKGROUND

In 2010, Slep-Tone brought this action alleging that Karaoke Kandy Store, Inc., and Polidori violated federal and state law by copying Slep-Tone karaoke tracks containing Slep-Tone's registered marks onto computer hard drives and then selling those tracks without authorization. R. 1 (Complaint at 4–5) (Page ID #4–5). The complaint sought an award of compensatory damages, statutory damages, treble and/or punitive damages, and injunctive relief, along with its costs and attorney fees for bringing this action. *Id*. at 10–11 (Page ID #10–11). Slep-Tone demanded a jury trial.

In September 2011, the district court set the case for a jury trial. R. 60 (9/22/11 Pretrial Order) (Page ID #1927). Days before the trial date, the court granted the Defendants' motion for summary judgment, finding Slep-Tone had offered insufficient evidence that the Defendants improperly used Slep-Tone's trademarks without authorization. R. 76 (D. Ct. Op.) (Page ID #2087). We reversed that judgment on appeal because Slep-Tone's evidence of unauthorized use was sufficient to survive summary judgment, and we remanded to the district court. *See Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 517 F. App'x 339 (6th Cir. 2013).

On remand, and after holding a pretrial conference with the parties, the district court again scheduled the case for a jury trial. R. 90 (4/12/13 Pretrial Order) (Page ID #2141). But six days before the start of trial, Slep-Tone filed a document titled "Disclaimer of Damages," in which it disclaimed all money damages. R. 92 (Disclaimer of Damages) (Page ID #2154). Based on its disclaimer, Slep-Tone stated that the only remaining issues were equitable and

"therefore request[ed] a bench trial of the remaining issues." *Id*. at 1 (Page ID #2154). The next day, Slep-Tone filed a trial brief in which it declined to offer proposed voir dire questions or jury instructions because it believed there was no right to a jury in a trial seeking only injunctive relief. R. 96 (Slep-Tone Trial Br. at 15) (Page ID #2183).

Despite Slep-Tone's disclaimer, the district court empaneled a twelve-person jury without comment on the record before us, and the parties tried the case to the jury over the course of four days. Following presentation of the evidence, the district court submitted a single interrogatory to the jury: "Do you find that Plaintiff proved by a preponderance of the evidence that Defendants infringed on Plaintiff's trademarks?" R. 122 (Trial Tr. at 133) (Page ID #2947). The jury answered: "No." *Id*. at 146 (Page ID #2960). The district court entered judgment for the Defendants the next day, finding: "based upon the Interrogatory Answer, and the evidence presented at trial, the Court enters Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of the Defendants Karaoke Kandy Store, Inc. and Charles M. Polidori on Plaintiff's Complaint." R. 110 (D. Ct. J. at 2–3) (Page ID #2275–76). The judgment also stated that the jury was sworn pursuant to Federal Rule of Civil Procedure 39(c)(1). *Id*. at 1 (Page ID #2274).[1] Rule 39(c)(1) states: "In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1).

About two weeks after entry of judgment, Slep-Tone filed a "Request for Entry of Findings of Fact and Conclusions of Law." R. 111 (Slep-Tone Req. at 1) (Page ID #2277). Slep-Tone asserted that the case was tried with an advisory jury and asked the court to enter findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52. *Id*. Two weeks later, before the district court or the Defendants took any action in response to this request, Slep-Tone filed a notice of appeal of the district court's final judgment. R. 116 (Notice of Appeal) (Page ID #2304). The district court has not ruled on Slep-Tone's request for findings of fact and conclusions of law.

On appeal, Slep-Tone argues that the judgment for the Defendants was clearly erroneous and that the district court erred by failing to enter findings of fact and conclusions of law as required by Rule 52.

---

[1]This was the only indication in the record before us that the jury was advisory.

## II. ANALYSIS

Even when not raised by the parties, we have an independent obligation to determine whether we have jurisdiction to resolve an appeal. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Federal appellate courts have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. "A district court's decision is 'final' for purposes of § 1291 when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (internal quotation marks and citation omitted).

Under Federal Rule of Appellate Procedure 4, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Although this requirement is jurisdictional, *Bowles v. Russell*, 551 U.S. 205 (2007), Rule 4(a)(4)(A) lists a number of post-judgment motions that toll the period for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Indeed, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Thus, a notice of appeal becomes effective after resolution of the post-judgment motions listed in Rule 4(a)(4)(A). *Id.*

Included among the motions listed in Rule 4(a)(4)(A) are motions "to amend or make additional factual findings under [Federal Rule of Civil Procedure] 52(b)." Fed. R. App. P. 4(a)(4)(A)(ii). Under Federal Rule of Civil Procedure 52, "[i]n an action tried . . . with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court." Fed. R. Civ. P. 52(a)(1). No later than twenty-eight days after entry of judgment, upon a party's motion "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." *Id*. at Rule 52(b).

Thus, under Federal Rule of Appellate Procedure 4(a)(4), a timely motion for findings of fact under Federal Rule of Civil Procedure 52(b) "render[s] a notice of appeal effective only after

the district court enters an order disposing of such motion." *Kusens v. Pascal Co.*, 448 F.3d 349, 360 (6th Cir. 2006). "[T]he concept of 'effectiveness' . . . delay[s] the transfer of jurisdiction to the appellate court from an otherwise timely filed notice of appeal until the relevant post-judgment motion is decided." *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 609 (6th Cir. 2004). This is true "'regardless of whether the motion was filed before or after the notice of appeal.'" *Patterson v. Anderson*, 586 F. App'x 657, 662 (6th Cir. 2014) (quoting *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005)). As the Rule 4 advisory committee notes explain, a notice of appeal filed "after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4 Advisory Committee Notes (1993 Amendment); *Patterson*, 586 F. App'x at 662 ("[T]he timely filing of a motion listed in Rule 4(a)(4)(A) . . . has been held to suspend or render dormant a notice of appeal . . . ."). Until the motion is resolved, the appellate court does not have jurisdiction to resolve the appeal. *Wikol*, 360 F.3d at 609; *see* 16A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3950.4 (4th ed. 2014) ("Until that order is entered, the notice of appeal is not effective, and until the notice of appeal is effective, the appellate court can exercise no jurisdiction over the case."); *Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868 (5th Cir. 2002) ("Because [the defendant] timely filed its motion for reconsideration, and the district [court] has not yet disposed of that motion, it seems clear that the district court's decision is not final. Therefore, we have no jurisdiction over this appeal."); *see also United States v. Ibarra*, 502 U.S. 1, 5 (1991) ("[T]he consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending.").

We do not have jurisdiction to resolve the appeal here. The district court appears to have treated the jury's finding as advisory pursuant to Rule 39(c)(1), and it entered judgment for the Defendants "based on the Interrogatory Answer, and the evidence presented at trial," without further explanation. R. 110 (D. Ct. J. at 1–3) (Page ID #2274–76). The district court did not set out the facts specially or the law separately, as Rule 52 requires in actions tried with an advisory jury. *See* Fed. R. Civ. P. 52(a). Less than two weeks later, Slep-Tone filed a timely request for

No. 13-4105     *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc. et al.*     Page 6

findings of fact and conclusions of law pursuant to Rule 52, and then before the district court decided the motion, Slep-Tone filed its notice of appeal of the district court's judgment and pursued its appeal in this court. Because the district court has not ruled on Slep-Tone's timely Rule 52 motion, the notice of appeal is ineffective at this time, and we do not have jurisdiction to resolve this appeal. Fed. R. App. P. 4(a)(4)(A)–(B); *Wikol*, 360 F.3d at 609.

At oral argument, the Defendants asserted a number of reasons why they believe we have jurisdiction to resolve this appeal, none of which are persuasive. The Defendants first argued that Slep-Tone's post-judgment filing was not a "motion" because it was styled a "request." They also noted that Slep-Tone cited Rule 52(a)(1) in its filing rather than Rule 52(b), the subsection cited in Federal Rule of Appellate Procedure 4's list of motions that toll the period for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(ii). But "[t]he substance of the motion, rather than its form, controls our inquiry." *Brown v. Local 58, Int'l Bhd. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 768 (6th Cir. 1996). Although brief, Slep-Tone's post-judgment request simply and plainly asked the district court to amend its judgment to enter the same "additional findings" contemplated by both Federal Rule of Appellate Procedure 4 and Federal Rule of Civil Procedure 52 because the case was tried with an advisory jury. *See* Fed. R. App. P. 4(a)(4)(A)(ii); Fed R. Civ. P. 52(a), (b). Slep-Tone's filing was thus a "motion" under Federal Rule of Civil Procedure 7. *See* Fed. R. Civ. P. 7(b)(1) (a motion must be in writing or made during a hearing or trial, state the grounds for the request with particularity, and state the relief sought). And, given the substance of Slep-Tone's motion, its failure to specifically cite subsection (b) of Rule 52 in its request for findings of fact and conclusions of law is immaterial. *See Brown*, 76 F.3d at 768 ("That Local 58 did not style its pleading as a Rule 59(e) motion is not dispositive.").

The Defendants also argued that we have jurisdiction because Slep-Tone essentially waived its right to findings of fact and conclusions of law under Rule 52 by failing to submit proposed findings and conclusions to the court prior to trial. But this is an argument that should be raised with the district court in the first instance. In any case, the Defendants offered no legal authority to support this claim. Rule 52 does not state that a party must first propose its own findings and conclusions as a condition precedent to the court fulfilling its obligations under the

rule.  To the contrary, under Rule 52 "the court *must* find the facts specially and state its conclusions of law separately" in actions tried with an advisory jury.  Fed. R. Civ. P. 52(a) (emphasis added).  So, to the extent the jury was advisory here—and, though not entirely clear from the record, it appears that it was—the rule requires findings of fact and conclusions of law. *Id.*; *see Zack v. Comm'r*, 291 F.3d 407, 412 (6th Cir. 2002) ("[T]he trial court's findings [under Rule 52(a)] must support the ultimate legal conclusions reached.  The findings are necessary not only to reveal the logic behind the trial court's decision, but also to enable an appellate court to conduct a meaningful review of the trial court's order.") (citations omitted).

In sum, because the district court has not ruled on Slep-Tone's Rule 52(b) post-judgment motion, we lack jurisdiction to resolve this appeal and must remand the case to the district court.  After the district court resolves the motion, Slep-Tone's notice of appeal will become effective.  Until then, we stay the appeal pending the district court's resolution of Slep-Tone's pending post-judgment motion.  *See Florian v. Sequa Corp.*, 294 F.3d 828, 829–30 (7th Cir. 2002) (a stay of appellate proceedings is proper until the district court resolves the pending post-judgment motion); *see also Preferred Props., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 796 n.4 (6th Cir. 2002) ("[A] premature notice of appeal is effective to vest appellate jurisdiction when the judgment becomes final prior to the disposition of the appeal."); 16A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3950.4 (4th ed. 2014) (where a post-judgment motion remains pending, "the notice of appeal becomes temporarily ineffective, but later springs to life when the order disposing of the last such remaining [tolling] motion is entered.") (internal quotation marks and footnotes omitted).  Pursuant to the stay, when the pending motion is resolved and the district court's judgment is final, the parties should consider what further action is appropriate under the circumstances.

### III.  CONCLUSION

For the foregoing reasons, we **STAY** this appeal and **REMAND** the case to the district court to resolve the pending post-judgment motion in accordance with this opinion.